SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
PATRICIA COSME,

                Plaintiff,

   -against-

GOLDBERG & ASSOCIATES, PC and
JULIE GOLDBERG,

                Defendants.
------------------------------------------------------------X

Index No. 33091/2019E

**AMENDED COMPLAINT**

**Jury Trial Demanded**

Plaintiff Patricia Cosme ("Plaintiff" or "Cosme") alleges against Goldberg & Associates, PC ("Goldberg & Associates" or "Law Firm") and Julie Goldberg ("Goldberg") (collectively, "Defendants"), upon information and belief, as follows:

**NATURE OF THE CLAIMS**

1. Goldberg & Associates states on its website (www.goldbergandassociates.com) that the immigration law firm "has built a steadfast reputation of success in the practice of immigration law" and "understand[s] the importance of communication." Unfortunately, the Law Firm failed to abide by its own standards when dealing with its employees, like Cosme. When Cosme communicated her complaint of race discrimination to Goldberg, no remedial action was taken and the racial comments continued resulting in Cosme's constructive termination.

2. Thankfully, the New York City Human Rights Law is intended to afford employees, like Cosme, the safety from being mistreated because of her race and the protection to assert their rights under the law. As such, this is an action for declaratory, injunctive and monetary relief to redress Defendants' unlawful employment practices, including

1

unlawful discrimination, a hostile work environment and retaliation committed against Cosme. The unlawful employment practices described herein were committed in violation of the New York City Human Rights Law ("NYCHRL").

3. Additionally, Cosme asserts claims under the New York Labor Law ("NYLL") for unpaid overtime and statutory wage violations.

4. Contemporaneously with the commencement of this action, a copy of the Complaint was served both on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

## PARTIES

5. Plaintiff Patricia Cosme ("Plaintiff" or "Cosme") is a female who is a resident of Bronx County in the State of New York.

6. Cosme was and is a Mexican American.

7. Defendant Goldberg & Associates, PC ("Goldberg & Associates") was and is a professional corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Goldberg & Associates was and is a professional corporation duly authorized to conduct business in the State of New York.

9. Goldberg & Associates was and is an immigration law firm.

10. Goldberg & Associates was and is located at 5586 Broadway, 3rd Floor, Bronx NY 10463.

11. Defendant Julie Goldberg ("Goldberg"), upon information and belief, was and is a resident of the State of California.

2

12. Goldberg was and is the Owner of Goldberg & Associates.

13. Goldberg was and is the Managing Attorney at Goldberg Associates.

14. Goldberg works for Goldberg & Associates at 5586 Broadway, 3rd Floor, Bronx NY 10463.

15. At all relevant times during Cosme's tenure at Goldberg & Associates, Goldberg was Cosme's supervisor, and, in that role, she had the authority to discipline and fire Cosme, direct her work activities, assign her job responsibilities and monitor her performance.

16. Goldberg exercised control over the employment terms and conditions of Cosme and had the authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of Plaintiff's employment.

17. Ana (last name currently unknown) ("Ana"), upon information and belief, was a resident of the State of New York.

18. Ana was and is Dominican.

19. Ana was an employee of Goldberg & Associates.

20. Ana was employed by Goldberg & Associates as a paralegal.

21. At all relevant times, Goldberg & Associates was and continues to be an enterprise engaged in commerce within the meaning of the NYLL and the regulations thereunder.

22. At all relevant times, the work performed by Cosme was directly essential the business operated by Defendants.

**FACTUAL ALLEGATIONS**

23. On or about August 27, 2018, Cosme commenced employment with Goldberg & Associates.

24. Cosme was employed by Goldberg & Associates as an immigration paralegal.

3

25. Cosme worked for Goldberg & Associates at 5586 Broadway, 3rd Floor, Bronx NY 10463.

Wage Violations

26. Cosme was employed by Goldberg & Associates as a non-exempt employee.

27. Upon her hire, Defendants' did not provide Cosme with a wage notice.

28. Defendants paid Cosme in accordance with a $48,205.00 annual salary.

29. Defendants also provided additional bonus compensation to Cosme as follows: additional income based on the completion of a daily audit which consists of a message check, email check and task list. The audit was to be completed and submitted by the end of each work day. For each daily audit completed, Defendants' agreed to pay Cosme $15.00 for a total of $3,795.00 per year in addition to the salary, for a combined total annual salary of $52,000.00.

30. During Cosme's employment with the Defendants, she would work over forty hours per week.

31. Generally, Cosme would work for Defendants between fifty and sixty hours per week.

32. Despite working in excess of forty hours per week, Cosme was not paid overtime.

33. Defendants knowingly and willfully operated their business with a policy of providing a wage notice, or paying proper overtime.

Race Discrimination & Hostile Work Environment

34. On an ongoing and pervasive basis, Cosme was discriminated against by Ana because of her race.

35. Throughout Cosme's employment, Ana would make repeated unwelcome racial comments to Cosme, including but not limited to the following:

    a. Don't speak Mexican to me.

    b. Can't you see she's Mexican (said multiple times)

    c. I don't understand how your people can come from Central America illegally and can't make a trip from Florida to New York.

    d. "Orale wey" (said multiple times, including after Cosme complained to Goldberg)

36. Cosme found Ana's discriminatory remarks highly offensive for the workplace.

Retaliation

37. In November 2018, Cosme had a one-on-one meeting with Goldberg, at the office located next to the conference room.

38. During the meeting, Cosme mustered the courage to complain to Goldberg about the racial comments by Ana.

39. In response, Goldberg told Cosme that the comments could be grounds for termination for Ana.

40. Nonetheless, Goldberg said that she needed time to think about it and would have a further discussion with Cosme upon her return after Thanksgiving.

41. Despite Cosme's complaint, following Thanksgiving, Ana continued with the discriminatory comments, including "orale wey."

42. Approximately two weeks after Thanksgiving, with no follow-up having occurred, Cosme asked Goldberg about the status of the situation.

43. Goldberg told Cosme she would send her breathing exercises so that she could hone her own anger.

5

44. Unable to endure the discrimination and hostile work environment any further, Cosme was constructively terminated on January 4, 2019.

45. Cosme informed the Law Firm of her constructive terminating by writing, in-part as follows: "It goes without saying that statements such as "don't talk Mexican to Me" and "Orale wey" to name a few, are not only racist but undermine my role as a paralegal. An environment where colleagues are unable to look beyond my ethnicity not only is unhealthy, but realization that little or no measures were taken to address the issue seemed to be indicative of dismissal of my concerns."

46. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

47. As a result of the Defendants treatment, Plaintiff suffered severe emotional distress.

48. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of NYCHRL)**

49. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

50. The Administrative Code of the City of New York § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: "(a) For an employer or agent thereof, because of the actual or perceived age, **race**, creed, color, national origin, gender, disability, marital status, sexual orientation, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

6

51. Defendants engaged in an unlawful discriminatory practice in violation of the NYCHRL by constructively terminating the Plaintiff, creating and maintaining discriminatory working conditions and discriminating against the Plaintiff because of her race

52. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

**SECOND CAUSE OF ACTION**
**(Hostile Work Environment in Violation of NYCHRL)**

53. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

54. Pursuant to the NYCHRL, a Plaintiff can establish a hostile work environment claim if she can show that was treated less well than other employees because of her protected class.

55. Plaintiff was treated less well by the Defendants because of her race.

56. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

**THIRD CAUSE OF ACTION**
**(Retaliation in Violation of NYCHRL)**

57. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

58. The New York City Administrative Code Title 8, § 8-107(1)(e) provides that it shall be an unlawful retaliatory practice: "For an employer… to discharge… or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…"

7

59. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(1)(e) by retaliating against the Plaintiff, including constructively terminating her employment, because of Plaintiff's opposition to the unlawful employment practices of Defendants.

60. Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for making a complaint regarding Defendants' violation of the NYCHRL.

61. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## FOURTH CAUSE OF ACTION
### (NYLL – Unpaid Overtime)

62. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

63. Defendants willfully violated Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

64. Defendants' failure to pay overtime premium compensation caused Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notice)

65. Plaintiff repeat and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

66. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

67. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## INJURY AND DAMAGES

68. As a result of the acts and conduct complained of herein, Plaintiff seeks damages for unpaid overtime, liquidated damages, statutory wage violations, emotional distress, lost wages, punitive damages, and attorney's fees in excess of $75,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants for the following relief:

9

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the New York City Administrative Code Title 8, § 8-107 et seq., and awarding Plaintiff a recovery for damages sustained;

B. Declaring that the Defendants engaged in unlawful employment practices in violation of the New York Labor Law, and awarding Plaintiff a recover for damages sustained;

C. Declaring that the Defendants discriminated against, created a hostile work environment, retaliated against and constructively terminated Plaintiff on the basis of her race and awarding Plaintiff a recovery for damages sustained;

D. Awarding damages to the Plaintiff, retroactive to the date of her constructive termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

E. Awarding Plaintiff compensatory damages for her mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

F. Awarding Plaintiff compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the NYLL;

G. Awarding Plaintiff compensatory damages as a result of Defendants' failure to provide a wage notice upon Plaintiff's hire;

H. Awarding Plaintiff prejudgment and post-judgment interest;

I. Awarding Plaintiff punitive damages;

J. Awarding Plaintiff liquidated damages;

K. Awarding Plaintiff attorney's fees, costs and expenses; and

L. Awarding Plaintiff such other relief as the Court deems just and proper to remedy the Defendants' unlawful employment practices.

10

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: August 6, 2021
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
Zafer A. Akin

45 Broadway, Suite 1420
New York, NY 10006
Telephone: (212) 825-1400
Facsimile: (212) 825-1440
rob@akinlaws.com
zafer@akinlaws.com

*Counsel for Plaintiff*