UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PATRICIA COSME,

                     Plaintiff,                                  21 Civ. 07430 (RA)

     -against-                                      **ANSWER**

GOLDBERG & ASSOCIATES, PC and
JULIE GOLDBERG,

-------------------------------------------------------------X

## **ANSWER TO AMENDED COMPLAINT**

Defendants Goldberg & Associates, PC and Julie Goldberg (collectively "Defendants"), by and the undersigned counsel and law firm, answer the Amended Complaint filed on August 6, 2021, upon information and belief, as follows:

## **NATURE OF THE CLAIMS**

1.      Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2.      Defendants do not admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint as it draws a legal conclusion and a description of the relief sought. To the extent an answer is required, Defendants deny.

3.      Defendants do not admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint as it draws a legal conclusion and a description of the relief sought. To the extent an answer is required, Defendants deny.

4.      Defendants lack information sufficient to form a response to the allegations contained in paragraph 4 of Plaintiffs' Complaint.

## PARTIES

5.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.     Defendants deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8.     Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint.

9.     Defendants admit the allegations in paragraph 9 of Plaintiff's Complaint.

10.     Defendants admit Goldberg & Associates maintain an office at 5586 Broadway, 3rd Floor, Bronx NY 10463, but otherwise deny the allegations in paragraph 10 of Plaintiff's Complaint.

11.     Defendants admit the allegations in paragraph 11.

12.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.     Defendants do not admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint as it draws a legal conclusion by stating the factors for "joint employer" liability.. To the extent an answer is required, Defendants deny.

17.     Defendants lack information sufficient to form a response to the allegations

2

contained in paragraph 17 of Plaintiffs' Complaint.

18.      Defendants lack information sufficient to form a response to the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.      Defendants admit the allegations in paragraph 19 of Plaintiff's Complaint.

20.      Defendants lack information sufficient to form a response to the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.      Defendants admit the allegations in paragraph 21 of Plaintiff's Complaint.

22.      Defendants lack information sufficient to form a response to the allegations contained in paragraph 22 of Plaintiffs' Complaint.

## **FACTUAL ALLEGATIONS**

23.      Defendants admit the allegations in paragraph 23 of Plaintiff's Complaint.

24.      Defendants lack information sufficient to form a response to the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.      Defendants admit the allegations in paragraph 25 of Plaintiff's Complaint.

### **Wage Violations**

26.      Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27.      Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint..

28.      Defendants lack information sufficient to form a response to the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.      Defendants lack information sufficient to form a response to the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Defendants submit that paragraph 33 likely contains a typo, but admit that "Defendants knowingly and willfully operated their business **with** a policy of providing a wage notice, or paying proper overtime (emphasis added)."

**Race Discrimination & Hostile Work Environment**

34.     Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 36 of Plaintiffs' Complaint.

**Retaliation**

37.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     Defendants lack information sufficient to form a response to the allegations

contained in paragraph 39 of Plaintiffs' Complaint.

40.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     Defendants lack information sufficient to form a response to the allegations contained in paragraph 48 of Plaintiffs' Complaint.


## FIRST CAUSE OF ACTION
### (Discrimination in Violation of NYCHRL)

49-52.  Defendants do not admit or deny the allegations contained in Paragraphs 49-52 of Plaintiff's Complaint as it draws a legal conclusion and a description of the relief sought. To the extent an answer is required, Defendants deny.

### SECOND CAUSE OF ACTION
### (Hostile Work Environment in Violation of NYCHRL)

53-56.   Defendants do not admit or deny the allegations contained in Paragraphs 53-56 of Plaintiff's Complaint as it draws a legal conclusion and a description of the relief sought. To the extent an answer is required, Defendants deny.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of NYCHRL)

57-61.   Defendants do not admit or deny the allegations contained in Paragraphs 57-61 of Plaintiff's Complaint as it draws a legal conclusion and a description of the relief sought. To the extent an answer is required, Defendants deny.

### FOURTH CAUSE OF ACTION
### (NYLL -- Unpaid Overtime)

62-64.   Defendants do not admit or deny the allegations contained in Paragraphs 62-64 of Plaintiff's Complaint as it draws a legal conclusion and a description of the relief sought. To the extent an answer is required, Defendants deny.

### FIFTH CAUSE OF ACTION
### (NYLL -- Failure to Provide Wage Notice)

65-67.   Defendants do not admit or deny the allegations contained in Paragraphs 65-67 of Plaintiff's Complaint as it draws a legal conclusion and a description of the relief sought. To the extent an answer is required, Defendants deny.

### INJURY AND DAMAGES

68.      Defendants do not admit or deny the allegations contained in Paragraphs 68 of Plaintiff's Complaint as it draws a legal conclusion and a description of the relief sought. To the extent an answer is required, Defendants deny.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief set forth in the WHEREFORE Clause or to any relief from Defendants.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues of fact and damages stated herein.

## GENERAL DENIAL

Any allegation not expressly admitted is denied.

## DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which it would not otherwise bear such burden.

## FIRST DEFENSE

1.      The Complaint, in whole or in part, fails to state a cause of action.

## SECOND DEFENSE

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

3.      All decisions made by Defendants with respect to Plaintiff, and all actions taken with respect to her employment, were based solely on legitimate, non-discriminatory and non-retaliatory factors, and were made in good faith, in compliance with all applicable laws.

### FOURTH DEFENSE

4.     All decisions made by Defendants with respect to Plaintiff and all actions taken with respect to her employment were made without malice, ill will, fraud, oppression or any other improper motive.

### FIFTH DEFENSE

5.     Without conceding in any way the allegations of the Complaint, at all times relevant to the facts herein, Defendants have maintained and enforced policies prohibiting discrimination and retaliation, has provided procedures through which employees can notify it of violations and/or perceived violations of these policies, has properly investigated all complaints of discrimination and retaliation and has taken corrective action where appropriate. Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided for in Defendants' policies and procedures, and her failure to do so is responsible, in whole or part, for any and all alleged damages.

### SIXTH DEFENSE

6.     The claims in the Complaint asserted against Defendants, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's employment, including any claims for recovery of medical costs or expenses allegedly incurred, are barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

### SEVENTH DEFENSE

7.     Plaintiff's claims are barred, in whole or in part, to the extent any damages allegedly suffered by Plaintiff, entitlement to which is expressly denied, were the direct and proximate result of Plaintiff's own actions or inactions.

**EIGHTH DEFENSE**

8.      Plaintiff is not entitled to punitive damages, exemplary damages or attorneys' fees under the New York State Human Rights Law, and the alleged actions on which Plaintiff premises her claims in the Complaint are insufficient to warrant imposition of punitive damages under the New York City Human Rights Law.

**NINTH DEFENSE**

9.      Plaintiff's claims should be dismissed to the extent they are barred by virtue of Plaintiff's unclean hands and/or principles of equitable estoppel.

**TENTH DEFENSE**

10.     To the extent Plaintiff has failed to make diligent and good faith efforts to mitigate her purported damages, any relief awarded upon her claims in this action must be dismissed or reduced, in whole or in part.

**ELEVENTH DEFENSE**

11.     To the extent Plaintiff engaged in acts of misconduct prior to or during her employment with Defendants, which, if known, would have resulted in denial of employment to Plaintiff, any relief awarded to Plaintiff should be reduced, in whole or in part, because Plaintiff engaged in such conduct.

**TWELFTH DEFENSE**

12.     To the extent damages are awarded, Defendants are entitled to mitigation of any damages awarded as set forth in N.Y.C. Admin. Code § 8-107(13), including but not limited because Defendants established and maintained policies for the prevention of unlawful discriminatory practices and conducted meaningful investigations of complaints.

### THIRTEENTH DEFENSE

13.     Defendants affirmatively plead the exemptions to the minimum wage and

maximum hour requirements as set forth in state and other applicable law.

### RESERVATION OF RIGHTS TO SUPPLEMENT DEFENSES

14.     Defendants reserve the right to assert any additional defenses should such

defenses become known during the course of litigation in this action.


**WHEREFORE**, Defendants respectfully requests judgment in their favor and against

Plaintiff granting the following relief:

A.      Dismissing Plaintiff's Complaint, with prejudice, in its entirety;

B.      Awarding Defendants their costs, disbursements, and attorneys' fees incurred in

defending this action; and

C.      Any such other and further relief in Defendants' favor as the Court deems just and

proper.


Date:  Nov. 30, 2021
New York, New York

                                        /s/ David Kasell
                                        David Kasell
                                        Fair Labor Defense LLC
                                        188 Grand Street Suite 225
                                        New York, New York 10013