UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PATRICIA COSME,

                Plaintiff,

    -against-

GOLDBERG & ASSOCIATES, P.C., AND
JULIE GOLDBERG,

                Defendants.
----------------------------------------------------------X

21 Civ. 07430 (RA)

**AFFIRMATION IN
SUPPORT**

David Kasell, Esq., an attorney duly admitted to practice before this Court affirms the following under the penalties of perjury.

## SUMMARY

1.      Pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Counsel for Defendants hereby moves *via* the proposed Order to Show Cause and this Affirmation to withdraw as counsel of record in this action for Defendants Goldberg & Associates P.C., a professional corporation that operates as a law firm specializing in immigration law, and Julie Goldberg ("Ms. Goldberg"), an attorney and individual owner of the law firm.

2.      The motion to withdraw should be granted for three independent reasons, each of which warrants this Court granting the motion.

3.      *First*, Defendants have a limited scope agreement of representation and "Attorney's responsibilities do not include anything after a summary judgement motion including pre-trial hearings, settlement conversations, trial, post-trial briefing or any appeals whether they be from a final judgment or an interlocutory appeal."

1

4.      *Second*, there has been a complete lack of communication with counsel since November 9, 2022, despite numerous attempts to contact Ms. Goldberg.  Counsel has only received communication from Ms. Goldberg's daughter (*via* Ms. Goldberg's work email) and that communication from Ms. Goldberg's daughter stopped on November 15, 2022.

5.      *Third*, counsel seeks to withdraw for professional considerations, which provides a satisfactory basis for the Court to grant Counsel's request.

6.      Counsel also respectfully requests permission to serve the Order to Show Cause and supporting papers including this Affirmation on the law firm and Ms. Golberg *via* email at ecf@goldbergimmigration.com, the email that Ms. Goldberg uses for representing clients in federal court via PACER, and julie@goldbergimmigration.com, the email with which Ms. Goldberg has communicated with me and co-counsel on this case.

## STANDARD FOR GRANTING COUNSEL'S
## MOTION TO WITHDRAWAL

7.      Rule 1.4 of the Local Rules governs the withdrawal of counsel.  It provides: "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." *Id.*

8.      In determining the motion, the Court considers both "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 (HB) (JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (quoting *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011)) (quotation marks omitted); *see also Ashmore v. CGI Grp., Inc.*, No. 11 Civ. 8611 (AT),

2013 WL 5863569, at *1 (S.D.N.Y. Oct. 30, 2013) *reconsideration granted, judgment vacated in part*, 2014 WL 1414314 (S.D.N.Y. Apr. 7, 2014) (citation omitted).

9.      "Satisfactory reasons" include the client's "failure to pay legal fees, a client's lack of cooperation — including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01-CV-2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (quotation marks and citation omitted).

10.      In addition, counsel's sworn statement that it seeks permission to withdraw because of professional considerations provides a satisfactory basis for the Court to grant Counsel's request. *See* N.Y. State Bar Ass'n Comm. on Prof'l Ethics, Advisory Op. 1057 (2015), 2015 WL 4592234, at *3 ("the Rules anticipate that the court will usually not demand the disclosure of confidential information if the lawyer advises the court that 'professional considerations' require withdrawal").

11.      In such circumstances, courts grant the request to withdraw because requiring Counsel to provide further information may require the disclosure of Confidential Information, as defined under New York Rules of Professional Conduct Rule 1.6.  *See also* Model Rules of Pro. Conduct R. 1.16 cmt. 3 (Am. Bar Ass'n 2018) ("The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.").

12.      Courts have held that motions made at the end of discovery and otherwise not on the verge of trial do not have an impact on the proceeding that warrants denial of the motion to withdrawal.  *See, e.g.*, *Franco v. American Airlines, Inc.*, No. 21 Civ. 05918, at 2 (PGG) (JW) (S.D.N.Y. October 26, 2022) ("The case is at the end of discovery and is not on the verge of trial.

There are no pending motions before the Court other than the instant Motion.") (granting motion to withdraw as counsel of record).[1]

13.    Courts in this District appear to usually grant a party thirty (30) days to have new counsel appear. *See, e.g.*, *Axial Group, LLC v. Zachert Private Equity GMBH, et al.*, No 21 Civ. 7323 (S.D.N.Y. March 18, 2022) ("Defendant's counsel's motion to withdraw is hereby granted. Defendants are granted 30 days to have new counsel appear);[2] *Barton LLP v. Maho Partners, LLC*, No. 21 Civ. 3108 (S.D.N.Y. Jan. 4, 2022).[3]

14.    Ultimately, the decision "[w]hether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *S.E.C. v. Gibraltar Global Secs., Inc.*, No. 13 Civ. 2575 (GBD) (JCF), 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015) (quotation marks and citations omitted).

## POSTURE OF THE CASE

15.    Trial in this case has been adjourned to February 7, 2022.  The trial is expected to last one (1) to two (2) days.

16.    Pretrial submissions are due on January 17, 2023, and any oppositions by January 24, 2023.

17.    A final pretrial conference is scheduled to be held on February 3, 2023 at 3:30 p.m.

18.    Trial had initially been scheduled for December 5, 2022 (CM/ECF No. 26), which was then moved to December 6, 2022, due to courthouse scheduling conflicts (CM/ECF No. 27).

---

[1] Available at https://storage.courtlistener.com/recap/gov.uscourts.nysd.563101/gov.uscourts.nysd.563101.58.0.pdf.

[2] Available at https://storage.courtlistener.com/recap/gov.uscourts.nysd.565873/gov.uscourts.nysd.565873.29.0.pdf.

[3] Available at https://storage.courtlistener.com/recap/gov.uscourts.nysd.557987/gov.uscourts.nysd.557987.38.0.pdf.

19.     The trial was adjourned for the reasons outlined in Defendants' letter dated November 11, 2022, related to the client's health.

20.     Discovery in this case was limited to a few hours of deposition of Ms. Goldberg. the transcript of which is only 59-pages in length.

21.     Defendants produced documents totaling 29 pages in response to Plaintiff's document demands.

22.     Given the very limited size of discovery, new counsel will be able to be represent Defendants without incurring an undue burden due to the change of attorneys.

**THE MOTION TO WITHDRAW SHOULD BE GRANTED DUE TO**
**THE LIMITED SCOPE REPRESENTATION**

23.     Counsel for Defendants has a limited scope agreement with Goldberg & Associates P.C., a professional corporation that operates as a law firm specializing in immigration law, and Ms. Goldberg, an attorney and owner of the corporation.

24.     A limited scope agreement is an attorney-client relationship in which, by advance agreement of the parties, legal services in a civil action or proceeding may be provided by attorney to client are limited in scope and duration to a degree less than full service representation.

25.     On or about September 14, 2021, Goldberg & Associates P.C. and  Julie Goldberg executed a retainer with a limited scope that stated in relevant part:  "Attorney's responsibilities do not include anything after a summary judgement motion including pre-trial hearings, settlement conversations, trial, post-trial briefing or any appeals whether they be from a final judgment or an interlocutory appeal . . . ."

5

26.     Limited scope retainers are ethical. In particular, Rule 1.2(c) of New York's Rules of Professional Conduct,[4] 22 NYCRR 1200.0, states: "A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances, the client gives informed consent and where necessary notice is provided to the tribunal and/or opposing counsel."); *see also* Model Rules of Pro. Conduct R. 1.2(c) (2020).

27.     The clients in this situation, a law firm and a lawyer, clearly gave informed consent to the limited scope agreement.

28.     Moreover, the use of what has been referred to as "limited scope," "segmented," "unbundled," or "limited assistance" legal services as an effective means to enhance access to justice has been studied and been approved of for many years by numerous bar associations, including the New York State Bar Association and the American Bar Association, as well as by many judicial groups, including the NYS Office of Court Administration.  *See e.g.*, *Handbook on Limited Scope Legal Assistance*, ABA Section of Litigation (2003); *NYSBA Commission on Providing Access to Legal Services for Middle Income Consumers* (2002); *Report to the Chief Judge and Chief Administrative Judge, NYS Courts – Access to Justice Program - Delivering Cost Effective Legal Services and Information in Challenging Economic Times* (2015).

29.     As the Honorable Jed Rakoff has written: "Recognizing the potential benefits of limited-scope representation for clients and for the courts, the American Bar Association and the authors of many states' ethical rules have endorsed such arrangements, in appropriate circumstances."  *Villar v. City of New York*, 540 F. Supp. 3d 437, 441 (S.D.N.Y. 2021) (Rakoff, *J.*)

---

[4] Federal courts typically "look to New York Rules of Professional Conduct for guidance on motions to withdraw." *Szulik v. Tag V.I., Inc.*, No. 12 Civ. 1827 (PKC), 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013) (citing *Joseph Brenner Assocs. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

30.     A retaining or charging lien is not being asserted against Defendants.

31.     Respectfully, the Court should grant the motion to withdraw because any additional work on this case is outside of the scope of the retainer.

32.     Counsel has acted ethically and vigorously represented the client even when not required to by the retainer.  Despite the limited scope of the retainer, co-counsel and I elected to move forward with representing Goldberg & Associates P.C. and Ms. Goldberg at trial prior to the most recent adjournment due to the fact the court had ordered the parties to submit "a joint pretrial order, proposed jury instructions, a pretrial memorandum of law, and any motions in limine by November 14, 2022" – that is three weeks later.  The Court also ordered that:  "Any oppositions shall be filed by November 21, 2022, and any replies shall be filed by November 28, 2022.

33.     Moreover, we submitted a 10-page, single-spaced mediation memorandum for Magistrate Judge Figueredo on November 10, 2022, and were prepared to represent Goldberg & Associates P.C. and Ms. Goldberg at the settlement conference before Judge Figueredo on Tuesday, November 15, 2022, even though we would not have been compensated for this substantial work under the retainer.

34.     On the basis of Ms. Goldberg's unexpected medical treatment, the Court's adjourned the trial until February 7, 2022.

35.     Because the Court has adjourned the trial until February 7, 2023, the motion to withdraw will not prejudice Goldberg & Associates P.C. and Ms. Goldberg and the motion to withdraw, by itself, should not be the basis for any requests for adjournment of the trial (as opposed to any additional requests based on Ms. Goldberg's medical condition or any other good cause).

36.      That is, any additional disruption of the trial is not being caused by this motion nor is this motion likely to prejudice the clients.

37.    Respectfully, the motion to withdraw should be granted due to the limited scope of the Agreement and the fact that withdrawing does not now prejudice the Defendants.

### THE MOTION TO WITHDRAW SHOULD BE GRANTED DUE TO LACK OF COMMUNICATION WITH CLIENT

38.    Courts in this Circuit have ruled that lack of cooperation by a client, including lack of communication, is a sufficient reason for allowing withdrawal. *See United States v. Lawrence Aviation Indus.*, No. 06 Civ. 4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) ("It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively."); *Fischer v. Biman Bangladesh Airlines*, 1997 WL 411446 at *1 (S.D.N.Y. 1997); *see also Emile v. Browner*, 1996 WL 724715 at *1 (S.D.N.Y. 1996) ("When a client fails to pay legal fees, [or] fails to communicate or cooperate with the attorney, . . . these are more than sufficient reasons for counsel to be relieved.").

39.    New York courts are in accord that that a lawyer may seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991); *see also Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't 2004); *Johns-Manville Sales Corp. v. State Univ. Constr. Fund*, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3d Dep't 1980); 22 NYCRR § 1200.15 (1995).

40.    Despite many attempts to get a hold of Ms. Goldberg, neither I nor my co-counsel have not had any communication with Ms. Goldberg since November 9, 2022, when she last sent me and my co-counsel an email.

41.    On Friday, December 11, 2022, we received an email from Ms. Goldberg's daughter stating that Ms. Goldberg "been placed on 60 day medical leave." Ms. Goldberg's daughter had had previously served as the head of Human Resources at the law firm.

42.     I subsequently sent the letter to the Court informing the Court of the issue and requesting an adjournment, which the Court granted on Monday, November 14, 2022 (CM/ECF No. 32).

43.     On the same day, we also received a letter from Ms. Goldberg's treating physician (*via* Ms. Goldberg's daughter using Ms. Goldberg's email) stating that: "Due to the nature of the illness and the current condition of Ms. Goldberg's overall health, I am recommending that Ms. Goldberg be placed on immediate leave to prepare herself for treatment. The current protocol will last for 60 days beginning November 29, 2022, and should be complete by January 29, 2023."

44.     This letter was also publicly filed in another case in this Court when Ms. Goldberg's counsel requested an adjournment of those proceedings and, thus, I do not believe the contents of it need to be kept confidential and may be disclosed. *See Coker v. Goldberg & Associates P.C.*, 21 Civ. 01803, CM/ECF No. 56-1 (S.D.N.Y.).

45.     We have not heard from Ms. Goldberg directly, however, since November 9, 2022 – that is, two days before we received the email from her daughter.

46.     We emailed Ms. Goldberg on the following dates but have not received a response as of the date of this Affirmation: November 21, 2022; November 22, 2022, and November 23, 2022.

47.     On November 23, 2022, we informed Ms. Goldberg *via* email that we would move forward with a motion to withdraw absent new counsel entering an appearance.

48.     On Friday, November 25, 2022, we again informed Ms. Goldberg that we intended to move to withdrawal by Monday, November 28, 2022, "so any update you can provide is helpful."

49.     Rather than file the motion to withdraw on November 28, 2022, we decided to provide more time to see if Ms. Goldberg might contact us.

50.     On Friday, December 2, 2022, we called Ms. Goldberg's cell phone but were unable to get a hold of her.  We were unable to leave a message as her voicemail was full.  We then emailed Ms. Goldberg stating that we were going to move forward with the motion to withdraw and ask if here was a good time to talk with her or with an attorney that she would like to represent her and the law firm.

51.     Respectfully, the motion to withdraw should be granted due to lack of communication from anyone on behalf of the law firm or Ms. Goldberg.

### THE MOTION TO WITHDRAW SHOULD BE GRANTED DUE TO PROFESSIONAL CONSIDERATION

52.     Independent of the two reasons above (each of which is sufficient for the Court to grant the motion to withdraw), Counsel for Defendants seeks permission to withdraw because of professional considerations.

53.     "The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient." Model Rules of Prof'l Conduct R. 1.16 cmt. 3.

54.     The Model Rules specifically contemplate the use of general statements as a way in which to communicate a breakdown in the lawyer-client relationship to the court, without compromising the confidentiality of the lawyer-client relationship.

55.     In the event that the Court seeks more of an explanation, the undersigned counsel respectfully requests that the matter be referred to the Magistrate Judge who may elect to conduct an *in camera* hearing.

## **THE ORDER TO SHOW CAUSE SHOULD BE SERVED BY EMAIL**

56.     The undersigned counsel also requests that the Order to Show Cause be served on the corporation, who operates as a law firm, and Ms. Goldberg, via email at ecf@goldbergimmigration.com and julie@goldbergimmigration.com.

57.     Ms. Goldberg frequently practices in federal court as an immigration lawyer, which requires the use of PACER and an email which requires service of all documents filed online.

58.     Ms. Goldberg has designated ecf@goldbergimmigration.com as the email by which she receives documents served via CM/ECF.

59.     Ms. Goldberg is the attorney of record for the plaintiff in *Saleh et al. v. Mayorkas*, No. 22 Civ. 05662, pending before the Honorable Jesse Furman in the Southern District of New York and designed ecf@goldbergimmigration.com as the email by which she may be contacted.

60.     Ms. Goldberg currently represents parties in eleven other cases in federal court that use this email, which includes five cases in the Eastern District of New York.

61.     As an attorney in these twelve cases, Ms. Goldberg has a duty to monitor this email (ecf@goldbergimmigration.com) and this email is a reasonably calculated way to serve any Order to Show Cause issued by this Court (along with her other work email, julie@goldbergimmigration.com).

62.     Moreover, the undersigned does not have a reasonable method of determining Ms. Goldberg's location to personally serve her any Order to Show Cause.

63.     The law firm maintains offices in Los Angeles, California; Sherman Oaks, California; Melvindale, Michigan; and, outside of the United States, the Republic of Djibouti, a country in the Horn of Africa.

64.     Ms. Goldberg is a resident of California and her communication has been *via* email, phone or a video conference.

65.     In light of the above, the undersigned respectfully requests permission to serve her (individually and on behalf of the corporation) at ecf@goldbergimmigration.com and julie@goldbergimmigration.com).

## CONCLUSION

For the reasons stated above, the undesigned counsel for Defendants respectfully requests the Court issue the Order to Show Cause permitting David Kasell to withdraw as counsel of record for Defendants Goldberg & Associates P.C. and Julie Goldberg and permitting service of the Order to Show Cause *via* email.

Date:  December 6, 2022

Respectfully,
/s/ *David Kasell*
David Kasell
1038 Jackson Ave., # 4
Long Island City, NY 11101
*Counsel for Defendants*