# Fair Labor Defense LLC

December 30, 2022

Hon. Ronnie Abrams
United States District Judge
United States District Court
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Request for Adjournment in *Cosme v. Goldberg & Associates, P.C. and Julie Goldberg*, 21 Civ. 07430

Judge Abrams:

As counsel for Defendants in the above-captioned action, and pursuant to Part 1.D. of this Court's Individual Rules, I write to request an adjournment of the following deadlines, conferences and jury trial scheduled for next month:

    Pre-trial submissions by January 17, 2023;
    Oppositions by January 24, 2023;
    Pretrial conference on February 3, 2023;
    Two-day trial starting on February 7, 2023.

CM/ECF No. 32. Plaintiff's Counsel, Robert Salaman, does not object and has stated that he and his client are available for any date in April or any date convenient for the Court. Mr. Salaman has a federal trial in another matter the last week of February and early March.

This is the third request for an adjournment. The Court's most recent order after the second adjournment states: "No further adjournments will be granted absent good cause." *Id.* I respectfully submit that there is good cause for this adjournment.

## Background

As the Court may recall, Defendants are a professional corporation that operates as a law firm specializing in immigration law, Goldberg & Associates P.C., and an attorney and the individual owner of the law firm, Julie Goldberg. Plaintiff alleges five causes of action for: (1) racial discrimination in violation of New York City law, (2) hostile work environment in violation of New York City law, (3) retaliation in violation of New York City law, (4) failure to pay overtime, and (5) failure to provide wage notices.

# Fair Labor Defense LLC

The parties jointly requested the first adjournment of the trial on November 4, 2022, so they could have a settlement conference before Magistrate Judge Figueredo. CM/ECF No. 28. The Court granted it in part. CM/ECF No. 30. A second request was made on November 11, 2022, due to Ms. Goldberg's unexpected medical leave and granted on November 14, 2022. CM/ECF No. 32. The mediation did not take place.

On December 6, 2022, I filed a proposed Order to Show Cause to be relieved from further representation of Defendants. CM/ECF No. 33. The Court issued the Order to Show Cause on December 13, 2022. CM/ECF No. 34. I served the Order to Show Cause on December 14, 2022. CM/ECF No. 35.

Ms. Goldberg was ordered to respond by December 21, 2022. On December 19, 2022, a paralegal for Goldberg & Associates P.C. emailed the Court with a letter stating in relevant part:

> Our office received the Order to Show Cause via the email ecf@goldbergimmigration.com. However, Defendant Julie Goldberg's primary doctor placed her on an immediate leave for a treatment of 60 days starting on November 29, 2022 until January 29, 2023. Therefore, Defendants Julie Goldberg and Goldberg & Associates, P.C. would not be able to review and respond to the Order to Show Cause by December 21, 2022.

## Requested Adjournment

We now request an adjournment of the trial for two reasons. *First*, we have not heard from Ms. Goldberg since November 9, 2022. ECF/CM 33 ¶ 40 (Affirmation).[1] Nor have I heard from anyone representing the firm (such as the paralegal who emailed the Court) except to be cc'ed on the email to the Court. We have repeatedly emailed and called Ms. Goldgerg's phone but been unable to get a hold of her.

Based on the letter from the paralegal, we do not expect to hear from Ms. Goldberg until after Sunday, January 29, 2023. As a result, we will not be able to submit the pre-trial submissions and oppositions due on January 17, 2023, and January 24, 2023. Moreover, we do not know whether Ms. Goldberg will be available on January 30, 2023, and thus any trial preparation would be tenuous to say the least. In addition, we have other cases and

---

[1] The Affirmation December 6, 2022, contains a typo in another paragraph. It states, "On Friday, December [sic] 11, 2022, we received an email from Ms. Goldberg's daughter stating that Ms. Goldberg "been placed on 60 day medical leave." CM/ECF No. 33 ¶ 41 The correct date is November 11, 2022.

# Fair Labor Defense LLC

clients to serve and it would be difficult, if not impossible, to set aside everything to prepare for trial if Ms. Goldberg does begin to communicate with us one week before the trial.

*Second*, and independently, we respectfully submit that an adjournment is warranted because the application to be relieve as counsel of record from further representation of the Defendants should be granted immediately. CM/ECF No. 33; *see also* CM/ECF No. 34 (Order to Show Cause).

Defendants Goldberg & Associates, P.C. and Julie Goldberg were ordered to respond by December 21, 2022, but they failed to do so. While the Court did receive a letter from a paralegal, no request for an extension was made or granted. Moreover, as is publicly available, Ms. Goldberg and her law firm have continued to litigate in at least one case during this time. *See Northpointe Townhomes Condominium Association v. Megmad Family Trust*, 22 Civ. 13044 (E.D. Mich.). Dkt. 1.[2]

In particular: On November 29, 2022, a condominium association sued the MegMad Family Trust in Michigan for making unapproved modifications to a condominium in the winter (when freezing weather makes damage likely). Dkt. 1-3. On December 7, 2022, the Hon. Patricia Fresard issued a temporary restraining order and further ordered the Trust to appear on December on December 16, 2022, via Zoom.

The day before the hearing, December 15, 2022, Ms. Goldberg and her law firm filed a notice of removal to federal court on behalf of the Trust. Dkt. 1. One week later, on December 22, 2022, Ms. Goldberg, acting as the attorney for the Trust through her law firm, filed a motion to dismiss along with a sworn declaration from Ms. Goldberg. Dkt.4.

All of these documents were submitted and signed by Ms. Goldberg. *See* Fed. R. Civ. P. 5(d)(3)(C) ("A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature."). Moreover, under the local rules of the Eastern District of Michigan, "No filing user may submit a paper with an electronic signature unless the filing user has permission of the signatory." E.D. Mich. Local Rules, Appendix ECF, R. 10(f).[3]

The Court may take judicial notice of these documents and find that Ms. Goldberg and the corporate defendant are failing to communicate or cooperate with their attorney

---

[2] "Dkt." refers to the PACER docket for the Eastern District of Michigan case, a public copy of which is partially available at https://www.courtlistener.com/docket/66654219/northpointe-townhomes-condominium-association-v-megmad-family-trust/

[3] https://www.mied.uscourts.gov/PDFFIles/policies_procedures2022.pdf

# Fair Labor Defense LLC

and, thus, counsel may be relieved. Indeed, I respectfully submit that the harm created by the failure to communicate cannot be repaired. Ms. Goldberg is an attorney certainly aware of the need for attorney-client communication. Moreover, there is no prejudice to Ms. Goldberg because her retainer with this firm stated: "Attorney's responsibilities do not include anything after a summary judgement motion including pre-trial hearings, settlement conversations, trial, post-trial briefing or any appeals whether they be from a final judgment or an interlocutory appeal."

One suggested course of action is that the Court (1) relieve counsel from representation, (2) order Defendants to obtain new counsel thirty days after January 29, 2023 (the date Ms. Goldberg's medical leave ends) – that is, by March 1, 2023, and (3) set new dates for the pre-trial submissions, opposition, conference and trial for a time in April. As we noted above, Plaintiff's Counsel, Robert Salaman, has stated that he and his client are available for any date in April or any other date convenient for the Court but states that he does have a federal trial in another matter the last week of February and early March.

We appreciate Mr. Salaman's courtesy throughout the litigation. Moreover, we are well-aware of the Court's limited resources and appreciate the Court's time and attention to the matter. For the reasons above, we respectfully request an adjournment of the deadlines, conferences and jury trial scheduled for next month and, in addition, to be relieved as counsel for Defendants.

Respectfully,

/s/ *David Kasell*
David Kasell
Counsel for Defendants

The trial and pretrial submission dates are hereby adjourned.  The Court intends to rule upon the motion to withdraw following Ms. Goldberg's medical treatment.  The parties shall submit a status letter by February 1, 2023.

SO ORDERED.

_____
Hon. Ronnie Abrams
United States District Judge
1/3/2023

# Exhibit A

Copy of State Court Docket (then removed to federal court) in *Northpointe Townhomes Condominium Association v. Megmad Family Trust*

Case 1:21-cv-07430-RA   Document 37   Filed 01/03/23   Page 6 of 6

Skip to Main Content   Logout   My Account   Search Menu   New Case Search   Refine Search   Back   Location : Non-Criminal Cases   Images   eb Access Instruction Manual

# REGISTER OF ACTIONS
## CASE NO. 22-014146-CH

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | **MegMad Family Trust** | |
| | | |
| **Plaintiff** | **Northpointe Townhomes Condominium Association** | **Todd Jennings Skowronski** *Retained* (248) 254-7600(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 11/29/2022 | **Complaint, Filed** |
| 11/29/2022 | **Service Review Scheduled** |
| 11/29/2022 | **Status Conference Scheduled** |
| 11/29/2022 | **Case Filing Fee - Paid** |
| 11/29/2022 | **Motion for Injunction, Filed-WVD** |
| 12/07/2022 | **Order to Show Cause, Signed and Filed** |
| 12/13/2022 | **Service of Complaint, filed** |
| 12/13/2022 | **Proof of Service, Filed** |
| 12/16/2022 | **Show Cause Hearing** (9:00 AM) (Judicial Officer Fresard, Patricia Perez) |
| 02/28/2023 | **Status Conference** (8:00 AM) (Judicial Officer Fresard, Patricia Perez) |

---

### FINANCIAL INFORMATION

**Plaintiff** Northpointe Townhomes Condominium Association
Total Financial Assessment                                                                                     175.00
Total Payments and Credits                                                                                     175.00
**Balance Due as of 12/15/2022**                                                                           **0.00**

| | | | | |
|---|---|---|---|---|
| 11/29/2022 | Transaction Assessment | | | 175.00 |
| 11/29/2022 | eFiling | Receipt # 2022-84726 | Makower Abbate Guerra Wegner Vollmer PLLC | (175.00) |