

March 10, 2025

<u>VIA ECF</u>
Honorable Ronnie Abrams
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      **Re:**   <u>*Cosme v. Goldberg, et al.*</u>**, Case no. 1:21-cv-07430-RA**

Dear Judge Abrams,

    Defendants Goldberg & Associates, P.C. and Julie Goldberg submit this letter to inform the Court that Plaintiff's counsel, without prior notice, unilaterally filed a status letter earlier today in violation of the Court's order directing the parties to file a joint status report. The Court's March 6, 2025 Order (Dkt. 71) expressly required the parties to jointly update the Court on the status of settlement negotiations and propose next steps. Contrary to this directive, Plaintiff's counsel filed their letter unilaterally at approximately 10:55 AM PST (Dkt. 72), without providing Defendants with a meaningful opportunity to contribute their position before filing.

    Defendants oppose proceeding with the Joint Pre-Trial Order at this time and intend to move to reopen discovery. Good cause exists under Fed. R. Civ. P. 16(b)(4) to permit further factual development, as Defendants were materially prejudiced by ineffective assistance of prior counsel, which severely impaired their ability to conduct necessary discovery. Due to prior counsel's failures, Defendants were unable to depose Plaintiff regarding her wage and overtime claims, obtain key payroll and employment records, or secure third-party testimony relevant to allegations of retaliation and constructive discharge. Defendants intend to conduct only minimal, narrowly tailored discovery on these critical issues and to proceed expeditiously to ensure that no party is unduly prejudiced or delayed.

    The need to reopen discovery is not due to any lack of diligence on Defendants' part but rather to circumstances beyond their control. Courts have long recognized that ineffective legal representation constitutes good cause for reopening discovery when it materially prejudices a party's ability to litigate their claims or defenses. In *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the Supreme Court

held that inadequate legal representation undermines the integrity of proceedings when it falls below an objective standard of reasonableness and causes demonstrable prejudice. Likewise, in *Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986), the Court recognized that an attorney's failure to conduct proper discovery can deprive a party of the ability to meaningfully present their case, warranting remedial action. Defendants were denied the opportunity to develop key evidence due to prior counsel's failures, resulting in substantial prejudice that justifies reopening discovery under Fed. R. Civ. P. 16(b)(4).

Defendants further note that, while settlement was not achieved during the recent conference, they anticipate filing a Rule 68 Offer of Judgment following the completion of additional discovery. Further factual development will facilitate a more informed assessment of the case and potential resolution. Defendants request an opportunity to fully brief their motion to reopen discovery and are available for a conference at the Court's convenience.

Defendants thank the Court for its consideration of this request and remain available to provide any additional information that may be required.

Respectfully submitted,

By:    */s/ Julie A. Goldberg*
Julie A. Goldberg, Esq.
GOLDBERG & ASSOCIATES
3005 Oakwood Boulevard
Melvindale, MI 48122
(818)999-1559
Ecf@goldbergimmigration.com
*Counsel for Defendants*

CC (via ECF): rob@akinlaws.com, *Counsel for Plaintiff*

| LOS ANGELES | DETROIT | DJIBOUTI |
| --- | --- | --- |
| 14370 Ventura Blvd. | 3005 Oakwood Blvd. | Marabout Lot No 549A |
| Sherman Oaks, CA 91423 | Melvindale, MI 48122 | Heron, Djibouti |
|  |  | Past the second Circle, |
| Tel. 818.999.1599 | Tel. 818.999.1559 | Big Yellow House |

2